IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DAVID E. DOOLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No. |
| | ) | |
| CITY OF BRIDGEPORT, | ) | |
| | ) | |
| Defendant, | ) | |

**COMPLAINT**

JURISDICTIONAL STATEMENT

Plaintiff is a former police officer of the Bridgeport City Police Department. Plaintiff's civil rights were violated in contravention of 42 U.S.C. §1983 because the Defendant deprived the plaintiff of a property interest in his job as a police officer when they fired him without proper due process under the law.

This action arises under the Fourteenth amendment to the United States Constitution and 42 U.S.C. §1983. Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331 and 1343(a).

**PARTIES**

1. The Plaintiff, DAVID E. DOOLEY, was employed as a police officer for the city of Bridgeport from November 9, 2008 to December 20, 2010.

2. At all relevant times herein mentioned, the Defendant, CITY OF BRIDGEPORT, was the employer of the Plaintiff.

**COUNT I**

(CIVIL RIGHTS VIOLATION)

1. That on or about December 01, 2010, the Plaintiff was arrested on a charge of unlawful

sale of a firearm.

2. That on or about Decemeber 01, 2010, the Plaintiff, David Dooley was suspended without pay by the Defendant, pending a formal investigation into charges filed against the Plaintiff.

3. That the Plaintiff never received written notice of formal charges.

4. That on or about December 20, 2010 during a special session called by the Bridgeport City Counsel, the Plaintiff was fired without a hearing.

5. That Plaintiff never received notice of the special session.

6. That Plaintiff was not invited to the session nor provided a meaningful opportunity to respond to the charges against him.

7. That on or about March 3, 2011 the criminal charges against the Plaintiff were dismissed by the state motion in favor of the Plaintiff.

8. That the Plaintiff's interest in his job constitutes a property interst in that a statute, policy, or practice creates a legitimate claim of entitlement to continued employment.

9. That the Defendant is a local government entity and is subject to 42 U.S.C. §1983.

10. That the Defendant acted under color of state law because the City Police Department and the City Counsel are government employees acting on behalf of the state.

11. That by terminating the Plaintiff's employment as a police officer, the Defendant was the cause in fact of the constitutional deprivation.

12. That due to the loss of his job, the Plaintiff has suffered out of pocket expenses, damage to his reputation, as well as severe mental anguish.

13. That Defendant acted with reckless disregard for the Plaintiff's federal rights meriting punitive damage awards against Defendants.

WHEREFORE, Plaintiff prays for damages in the sum of $1,000,000 together with punitive

damages in the sum of $1,000,000.  Plaintiff also prays for the payment of attorneys' fees pursuant to 42 U.S.C. § 1988.

## COUNT II

### (UNIFORM PEACE OFFICER'S DISCIPLINARY ACT)

1. Count II of this action is brought pursuant to the Uniform Peace Officers' Disciplinary Act, 50 ILCS 725/1-7.

2. That on or about December 01, 2011 Plaintiff was employed as a police officer of the Bridgeport City Police Department.

3. That on or about December 01, 2011 Plaintiff was interrogated by the Bridgeport City Chief of Police, Scott Murray as well as Officer Trent Masterson as part of a formal investigation to charge the Plaintiff with a felony.

4. That the Plaintiff was never informed in writing of the nature of the investigation in violation of 50 ILCS 725/3.2.

5. That the Plaintiff was never informed in writing of the name, rank and unit of the officer in charge of the investigation, the interrogators, and all persons who were present on behalf of the Defendant during the interrogation in violation of 50 ILCS 725/3.4.

6. That the Plaintiff was not advised in writing that admissions made in the course of the interrogation may be used as evidence of misconduct or as the basis for charges seeking suspension, removal, or discharge in violation of 50 ILCS 725/3.8.

7. That the Defendants violated many of the procedures and policies laid out in the Uniform Peace Officer's Disciplinary Act and is therefore liable to the Plaintiff for damages resulting from these violations.

WHEREFORE, the Plaintiff, David Dooley, prays that judgment be entered in his favor

against the Defendant, and that he be awarded damages in the sum of $1,000,000 together with the costs of this action.

## COUNT III

### (ILLINOIS WAGE PAYMENT AND COLLECTION ACT)

1. Count III is brought pursuant to the Illinois Wage Payment and Collection Act, 820 ILCS 115/1-15.

2. That until his termination on December 20, 2010 the Plaintiff was an employee of the Defendant, City of Bridgeport.

3. That Plaintiff earned wages in semi-monthly pay periods and did not receive all final wages within 13 days after the end of the pay period for which such wages were earned in violation of 820 ILCS 115/4.

4. That Defendant failed to pay final compensation to Plaintiff following separation in the form of accrued sick leave.

5. Due to Defendant's failure to pay, the Plaintiff is entitled to recover the amount of underpayment and damages of 2% of the amount for such underpayments for each month following the date of payment during which such underpayments remain unpaid per 820 ILCS 115/14.

WHEREFORE, Plaintiff prays damages in the sum of $5,000 and attorneys' fees.

## COUNT IV

### (MALICIOUS PROSECUTION)

1. That on or about the month of November, the Plaintiff, David Dooley used a .22 caliber pistol at Mark L. Boren's home, located at Rt 3, Box 410, Lawrenceville, IL, for target practice and left the weapon there with the intention of retrieving it at a later date.

2. That on or about November 30, 2010, there was a fire at Boren's home and the weapon was

uncovered during an investigation into the cause of the fire.

  3. That on or about December 01, 2010, the Plaintiff was arrested and charged with the unlawful sale of a firearm, 720 ILCS 5/24-3(A)(k), specifically that he knowingly transferred a .22 caliber pistol to someone who did not display a currently valid Firearm Owner's Identification Card.  The Defendant commenced a criminal judicial proceeding against the Plaintiff, filed case number 2010CF211.

  4. That the Plaintiff did not transfer his gun to Mark Boren but rather simply left same at Mr. Boren's residence.

  5. At all times herein mentioned, both the Plaintiff and Mark Boren held currently valid Firearm Owner's Identification Cards and therefore no crime could have been committed.

  6. That on or about March 3, 2011 the charges against the Plaintiff were dismissed by state motion in favor of the Plaintiff.

  7. That the Defendant had no probable cause to prosecute the Plaintiff as there was no crime committed because both the Plaintiff and Mark Boren held current Firearm Owner's Identification Cards and the Plaintiff never transferred his firearm to Mr. Boren.

  8. That the Defendant was motivated by a desire to terminate the Plaintiff as a Bridgeport City Police Officer based on personal disputes and not for the purpose of bringing a guilty party to justice.

  9. That as a direct result of the prosecution the Plaintiff was terminated as a Police Officer for the Bridgeport City Police Department.  The Plaintiff also suffered injury to his reputation and credibility, as well as emotional distress.

  WHEREFORE,  Plaintiff prays that he may have judgment against the Defendant, City of Bridgeport, in the amount of $1,000,000.

DAVID E. DOOLEY, Plaintiff


By   /s/ H. Kent Heller
    Of Heller, Holmes & Associates, P.C.
    His Attorneys


DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the Plaintiff hereby demands trial by jury in this action for all issues so triable.

DAVID E. DOOLEY, Plaintiff


By   /s/ H. Kent Heller
    Of Heller, Holmes & Associates, P.C.
    His Attorneys


H. KENT HELLER
HELLER, HOLMES & ASSOCIATES, P.C.
1101 Broadway Avenue
PO Box 889
Mattoon IL 61938
Phone: 217-235-2700
Fax: 217-235-0743
cdooley17809.complaint/kjs12222011