IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID E. DOOLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 12-CV-105-WDS |
| ) | |
| CITY OF BRIDGEPORT, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court is Defendant City of Bridgeport's motion to dismiss plaintiff's complaint (Doc. 13) to which plaintiff has filed a response (Doc. 14).   Plaintiff, a former police officer for the defendant, seeks relief under 42 U.S.C. §1983 for alleged violations of his civil rights, claiming that the defendant deprived him of a property interest in his job as a police officer by firing him without due process. Defendant seeks to dismiss the complaint under Fed. R. Civ. P. 12(b) (6), asserting that plaintiff fails to allege sufficient facts to state a cause of action.

The complaint is framed in four counts.  Count I asserts a civil rights violation for failing to receive notice of a special session of the City of Bridgeport where he was terminated.  Count II seeks recovery under the Illinois Uniform Peace Officers' Disciplinary Act, 50 ILCS 725/1-7, for various violations of the statute.  Count III seeks recovery under the Illinois Wage Payment and Collection Act, 820 ILCS 115/4, and Count IV for state tort of malicious prosecution. Defendant's motion addresses the sufficiency of Counts I, II, and IV.

## BACKGROUND

Plaintiff Dooley was a police officer for the City of Bridgeport. He alleges that on November 30, 2010, fire investigators found plaintiff's pistol while attempting to determine the cause of a fire at a private residence other than his own. Plaintiff claims that the next day he was questioned as part of a formal investigation, arrested, and ultimately charged, with the unlawful sale of a firearm. Subsequently, he was suspended without pay. Plaintiff alleges that he was fired without notice or a chance to defend himself, in violation of his due process rights. He claims he had taken the pistol to that residence to use for target practice and left it there, intending to reclaim it later. The charges were later dropped.

Dooley requests that the Court take judicial notice of the fact that the Village of Bridgeport is a municipality of less than 500,000 persons, providing him with a property interest in his employment as per the "for cause" clause in 65 ILCS 5/10-1-18(b) requiring written charges and an opportunity to be heard in termination of police officers in the classified civil service.

## DISCUSSION

A motion under Rule 12(b)(6) allows for dismissal for "failure to state a claim upon which relief can be granted." To state a claim, a pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be decided solely on the face of the complaint and any attachments that accompanied its filing. *Miller v. Herman*, 600 F.3d 726, 733 (7th Cir. 2010); Rule 10(c). Detailed factual allegations are not required, but the pleading must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 662 (quoting *Twombly,* 550 U.S. at 555); accord *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Plaintiff must plead a factual matter, "that if taken as true, states a claim that [defendants] deprived him of his clearly established constitutional rights." *Iqbal*, 556 U.S. at 666. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) "he was deprived of a right secured by the Constitution or laws of the United States," and (2) "the deprivation was visited upon him by a person or persons acting under color of state law." *Buchanan–Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir.2009) (citing *Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 861 (7th Cir.2004)). Ultimately, the pleadings must be sufficient to provide the defendant with fair notice of the claim and its basis. *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 934 (7th Cir. 2012); *Brooks*, 578 F.3d at 581 (citing *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)).

## ANALYSIS

To bring a claim under §1983, plaintiff must allege, at a minimum, sufficient facts to render his civil rights violation claim plausible. In this case, plaintiff's only federal claim is found in the first count of his complaint, where he alleges that the defendant deprived him of his property interest in his job and his termination violated his due process rights. The remaining three counts are state claims, and therefore, only before the Court by supplemental jurisdiction. They are, Count II, violation of Uniform Peace Officer's Disciplinary Act 50 ILCS 725/1-7, Count III, back wages unpaid prior to his termination pursuant to the Illinois Wage Payment and Collection Act 802 ILCS 115/1-15, and, Count IV, Malicious Prosecution.  Each of these state-based claims rely upon the common nucleus of operative fact as the substantial question of constitutional law. *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966).  In order to

exercise the supplemental jurisdiction, the claim must rest upon the proper subject matter of a federal question, §1331a.

### A. Count I

Defendant argues that plaintiff fails to state a claim in Count I because he does not include all standard elements of a due process claim. *Omosegobon v. Wells*, 335 F.3d 668, 674 (7th Cir. 2003) (standard elements of due process claim include whether the plaintiff suffered a deprivation of a cognizable property or liberty interest, and whether such deprivation occurred without due process). Plaintiff's complaint need only allege sufficient facts necessary to raise a claim beyond speculation to the realm of plausibility. Not every element must be pleaded and not every fact raised; in simpler cases, simpler pleading suffices. *Swanson v. Citibank, N.A.,* 614 F.3d 400 (7th Cir. 2010) with, more specific facts required to survive a motion to dismiss in more complex claims. *McCauley v. City of Chicago,* 671 F.3d 611, 616-17 (7th Cir. 2011). Here, plaintiff has adequately alleged that the decision maker, the Board, terminated him without notice or right to be heard in his own defense.

Although plaintiff's complaint merely recites his cause of action as loss of a property interest, he also alleges that the source of his property right for his due process claim is 65 ILCS 5/10-1-18(b). That state statute requires for-cause termination upon written charges and after an opportunity to be heard in his own defense.[1] Therefore, plaintiff has pled sufficient grounds for the federal cause of action based on state law claims and defendant's motion to dismiss Count I is **DENIED.**

---

[1] This provision applies to municipalities of under 500,000 inhabitants and the record reveals that the City of Bridgeport is a municipality having fewer than 500,000 inhabitants.

### B. Count II

Defendant next contends that plaintiff's second count is foreclosed by the precedent of *Cain v. Larson*, 879 F.2d 1424 (7th Cir. 1989). In *Cain*, similar to this case, a former probationary police officer was terminated after refusing to work mandatory overtime. *Id.* at 1425. The plaintiff alleged that the source of her due process right to continued employment derived from the Uniform Peace Officer's Disciplinary Act, contending that the provisions created a property right. *Id.* at 1426. The *Cain* court noted that nothing in the act creates a constitutionally protected property interest and that a statute must go beyond "mere procedural guarantees to provide some substantive criteria limiting the state's discretion--as can be found, for example, in requirement that employees be fired only 'for cause.'" *Id.*

In *Cain*, the plaintiff *failed* to allege a property interest in employment outside of the Uniform Peace Officer's Disciplinary Act. *Id.* The Court reasoned that the Uniform Peace Officer's Disciplinary Act does not create, but dictates the process required; it lacks the substantive predicate. *Id.* Here, however, plaintiff does allege a substantive predicate, for-cause termination requirement under 65 ILCS 5/10-1-18(b). The plaintiff has alleged that he was questioned, that such questions were part of a formal investigation, and that they were related to criminal charges pending against him – no mere minor infractions of rules. Sufficient facts were alleged that if taken to be true, plaintiff's claim would be plausible and sufficient to sustain a claim. Therefore, defendant's motion to dismiss Count II is **DENIED**.

### C. Count IV

With respect to the claim in Count IV for malicious prosecution, defendant raises three concerns: that malicious prosecution against the City of Bridgeport is improper, that the prosecution was at the sole discretion of the state's attorney, and that the conduct does not

amount to the deprivation of a constitutional right. The common law tort of malicious prosecution in Illinois requires five elements: 1) commencement of proceedings by defendant, 2) termination of those proceedings in favor of plaintiff, 3) absence of probable cause in commencement of those proceedings, 4) malice, and 5) damages. *Gonzalez v. City of Elgin*, 578 F.3d 526, 541 (7th Cir. 2009). In order to commence or continue criminal proceeding, defendant must have initiated criminal proceeding or his participation in it must have been of so active and positive character as to amount to advice and cooperation. *Logan v. Caterpillar, Inc.*, 246 F.3d 912, 922 (7th Cir. 2001). Indeed, liability for malicious criminal prosecution in Illinois is not limited to prosecutors and police officers, but extends to all persons who played a significant role in causing the prosecution of the plaintiff, provided all elements of the tort are present. *Mut. Med. Plans, Inc. v. County of Peoria*, 309 F. Supp. 2d 1067, 1081 (C.D. Ill. 2004). Defendant asserts a complete defense to action for malicious prosecution based upon prosecuting attorney's advice. However, in Illinois the fact that defendant sought advice from state's attorney before initiating criminal proceedings rather than have been advised by state's attorney to initiate criminal proceedings does not automatically eliminate possible liability. See, *Voga v. Nelson*, 450 N.E.2d 1364, 1368 (Ill. App. Ct. 1983). At this stage of proceeding, plaintiff need merely allege sufficient facts so as to provide notice. Whether such claims can survive a motion for summary judgment is not before this Court at this time. Plaintiff has properly alleged commencement, termination, malice, probable cause, and damages and defendant's motion to dismiss Count IV is **DENIED**.

## CONCLUSION

Accordingly, the Court **DENIES** defendant's **motion** to **dismiss** on all grounds raised.

**IT IS SO ORDERED.**

DATE:   <u>16 January, 2013</u>

<u>s//WILLIAM D. STIEHL</u><br>DISTRICT JUDGE